Warwick *v.* Hammell.

---

WILLIAM WARWICK

*v.*

JAMES D. HAMMELL and wife.

After a second mortgagee had obtained an order of sale on foreclosure, a stay was procured by a third person, E. D., attacking, in this court, his title to the mortgage. The mortgagor being in possession of the premises, and insolvent, and no taxes or interest on any of the encumbrances having been paid for three years,—*Held,* that the second mortgagee was entitled to the appointment of a receiver of the premises, pending his litigation with E. D.

---

Bill to foreclose. On petition for a receiver.

*Mr. Joel Parker*, for petitioner.

*Mr. W. D. Holt*, for defendants.

THE CHANCELLOR.

The complainant asks for the appointment of a receiver under the following circumstances: He obtained a decree for the sale of the mortgaged premises in this suit, and an

execution was issued thereon, and the property advertised for sale under the latter, when Eliza Danser filed her bill in this court, attacking his title to his mortgage, and on the bill she obtained a stay of the sale. Hammell, the mortgagor, is in possession of the mortgaged premises. They are a tavern property in the village of New Egypt, in Ocean county. There is a mortgage prior to that of the complainant. The mortgagor pays no interest, and the taxes for 1877 are unpaid. The complainant is compelled, for his security, to keep the property insured at his own expense. The mortgagor is insolvent. The first mortgage is for $600, and no interest has been paid upon it for more than three years. The complainant's mortgage is for $2,140 and interest, and no interest has been paid on it since 1874. It is doubtful, to say the least of it, whether the property, at a forced sale, will bring enough to pay off the complainant's mortgage. Manifestly, justice to the complainant requires that the property be sold, or that a receiver be appointed. Otherwise, by means of the litigation between Mrs. Danser and the complainant, as to the ownership of the mortgage, the mortgagor may be enabled to enjoy the property, to the prejudice of the mortgagee, until the termination of that controversy. There will be an order appointing a receiver.